IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERICA KNIGHTON | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | DEFENDANT DEMANDS A JURY |

**DEFENDANT WAL-MART STORES TEXAS, LLC'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, DEFENDANT WAL-MART STORES TEXAS, LLC, incorrectly named as WALMART, INC., and files this Notice of Removal, pursuant to 28 U.S.C. §§ 1441 and 1446, removing the above-captioned case to the United States District Court for the Southern District of Texas, Houston Division. The grounds for removal are as follows:

**I.
INCIDENT BACKGROUND AND LAWSUIT**

1. Plaintiff Erica Knighton claims she injured by an agent of Defendant at a Walmart store in Sugar land, Texas, on December. *Pl.'s Orig. Pet.* (Ex. A) ¶ 2. Plaintiff asserts causes of action for general negligence, gross negligence, negligent undertaking, and premises liability against Defendant. *Id.* ¶¶ 3-11. Plaintiff's lawsuit expressly alleges that she is seeking monetary damages over $250,000.00, but not more than $1,000,000.00. *Id.* at 2.

2. Plaintiff served Defendant with her Original Petition on January 30, 2023.

**II.
THE PARTIES**

3. Plaintiff pleaded that she is a resident of Harris County, Texas. *Id.* at 1. As such, Plaintiff is a citizen of the State of Texas.

4. Although corporations are citizens of the state in which they are incorporated, partnerships and other unincorporated entities are citizens of all states in which its partners or

members are citizens. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 569 (2004). Wal-Mart Stores Texas, LLC is a Delaware corporation with its principal place of business in Arkansas.

5. The citizenship of the parties as alleged above existed at the time the underlying action was commenced and remain unchanged at the time of removal.

## III.
## BASIS FOR REMOVAL

6. Defendant removes this case to federal court because there is complete diversity of citizenship between the parties and the amount in controversy is greater than $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

**A. There is complete diversity of citizenship.**

7. As set forth, *supra*, Plaintiff is a citizen of the State of Texas and Defendant is composed of companies organized under the laws of Delaware and Arkansas, with its principal place of business in the State of Arkansas. None of Defendant's partners or members are citizens of the State of Texas. As such, Defendant has met its burden of establishing that diversity of citizenship exists between the parties.

**B. The amount in controversy requirement is met.**

8. A removing party may establish that the amount in controversy exceeds $75,000 by showing the non-removing party seeks damages in excess of that amount. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 881 (5th Cir. 2000). Here, Plaintiff's Original Petition seeks damages for physical pain, mental anguish, lost wages, lost earning capacity, physical disfigurement, physical impairment, medical care, and exemplary damages, Ex. A. § VIII, for what the Petition describes as a serious and critical injury. Ex. A at 2.

**C. This removal is timely, and venue is proper.**

9. This Notice of Removal is being filed within 30 days of service of Plaintiff's lawsuit on Defendant, and within one year of the commencement of this action. It is therefore timely. Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action is pending is in this District.

**D. Procedural requirements for removal are satisfied.**

10. Upon filing of this Notice of Removal of the cause, Defendant gave written notice of the filing to Plaintiff and her counsel as required by law. A copy of this Notice is also being filed with the Clerk of the 151st District Court of Harris County, Texas, where this cause was originally filed. A copy of all processes, pleadings, and orders has been filed separately with this Court pursuant to 28 U.S.C. § 1446(a).

## IV.
## CONCLUSION AND PRAYER

Based on the foregoing, Defendant has established that the amount in controversy exceeds $75,000.00, and that diversity of citizenship exists between the parties in this case. Therefore, removal is proper.

Respectfully submitted,

BUSH & RAMIREZ, PLLC

*/s/John A. Ramirez*
John A. Ramirez
Attorney in Charge
TBN: 00798450
FBN: 21280
Bryce Buchmann
TBN: 24100443
FBN: 3783069
5615 Kirby Drive, Suite 900
Houston, Texas 77005
(713) 626-1555 Telephone
(713) 622-8077 Telecopier

jramirez.atty@bushramirez.com
bbuchmann.atty@bushramirez.com

ATTORNEYS FOR DEFENDANT
WAL-MART STORES TEXAS, LLC

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing instrument has been sent to all interested counsel of record in accordance with the RULES OF CIVIL PROCEDURE on this the 28th day of February 2023.

    Maxwell T. Paderewiski
    CROCKETT LAW FIRM, P.C.
    9900 Westpark, Suite 200
    Houston, Texas 77063

    */s/ Bryce Buchmann*
    John A. Ramirez | Bryce Buchmann