

**CT Corporation**
Service of Process Notification
01/30/2023
CT Log Number 543115766

## Service of Process Transmittal Summary

| | |
|---|---|
| **TO:** | KIM LUNDY- EMAIL, Important Note here<br>Walmart Inc.<br>GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200<br>BENTONVILLE, AR 72712-3148 |
| **RE:** | Process Served in Texas |
| **FOR:** | WALMART INC.  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: KNIGHTON ERICA // To: WALMART INC.<br>Name discrepancy noted. |
| **DOCUMENT(S) SERVED:** | Citation, Return, Petition |
| **COURT/AGENCY:** | 151st Judicial District Court Harris County, TX<br>Case # 202302056 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 03/07/2021, At 345 Highway 6, Sugar Land, TX, 77478 |
| **PROCESS SERVED ON:** | C T Corporation System, Dallas, TX |
| **DATE/METHOD OF SERVICE:** | By Process Server on 01/30/2023 at 10:26 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration date of 20 days after service |
| **ATTORNEY(S)/SENDER(S):** | Maxwell T. Paderewski<br>Crockett Law, P.C.<br>9900 West Park Drive, Suite 200<br>Houston, TX 77063<br>281-953-1180 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/30/2023, Expected Purge Date: 02/04/2023<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT

EXHIBIT A



**CT Corporation**
**Service of Process Notification**
01/30/2023
CT Log Number 543115766

disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Mon, Jan 30, 2023
**Server Name:** Ronald Cobb

| Entity Served | WALMART INC. |
|---|---|
| Case Number | 202302056 |
| Jurisdiction | TX |

| Inserts |
|---|
|  |



DELIVERED THIS 30th DAY OF January
AT 10:20 AM / PM
BY: _____ Ken GD

CAUSE NO. 202303056

COPY OF PLEADING PROVIDED BY PLT

PROFESSIONAL CIVIL PROCESS
INITIALS: ___ LIC# 4574

RECEIPT NO: 952673  TRACKING NO: 74103435

| Plaintiff: | In The 151st |
| KNIGHTON, ERICA | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| WALMART INC | Houston, Texas |

## CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

To: **WALMART INC (IS A FOREIGN FOR-PROFIT CORPORATION) MAY BE SERVED BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900, DALLAS TX 75201**

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on January 17, 2023 in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

This citation was issued on January 25, 2023, under my hand and seal of said court.



Issued at the request of:

Paderewski, Maxwell T
9900 WESTPARK DRIVE SUITE 200
Houston, TX  77063
281-953-1180
Bar Number: 24110187

Marilyn Burgess

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE  Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By: RHONDA MOMON

Tracking Number: 74103435

## CAUSE NUMBER: 202303056

| | |
|---|---|
| **PLAINTIFF: KNIGHTON, ERICA** | **In the 151st** |
| vs. | **Judicial District Court of** |
| **DEFENDANT: WALMART INC** | **Harris County, Texas** |

### OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. on the _____ day of _____, 20_____. Executed at

(Address)_____
in

_____ County at o'clock ___. M. On the _____ day of _____, 20_____, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment». Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____, 20_.

Fees $_____

_____          By_____
              Affiant                                                                              Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20__.

_____
Notary Public

1/17/2023 5:05 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 71873883
By: Rhonda Momon
Filed: 1/17/2023 5:05 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **ERICA KNIGHTON** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| | § | |
| **WALMART, INC.** | § | |
| *Defendant.* | § | \_\_\_\_ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **ERICA KNIGHTON**, hereinafter referred to as "Plaintiff", and files this her Original Petition, complaining of **WALMART, INC.**, hereinafter referred to as "Defendant" and for cause of action would respectfully show the Court as follows:

## DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure.

## PARTIES

Plaintiff, **ERICA KNIGHTON**, is an individual residing in Harris County, Texas.

Defendant, **WALMART INC.**, is a foreign for-profit corporation operating a business in the State of Texas located at 345 Highway 6, Sugar Land, Texas 77478. Defendant may be served with process by serving its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. *Plaintiff requests citation be issued.*

## MISNOMER/ALTER EGO

In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that any "corporate veils" should be pierced to hold such parties

1

properly included in the interest of justice. Pursuant to Texas Rule of Civil Procedure 28, Plaintiff reserves the right to substitute this Defendant's true name, if different than the foregoing, after adequate time for discovery.

## JURISDICTION AND VENUE

This Court has jurisdiction over the parties and the subject matter of this action as Plaintiff seeks damages in an amount within the jurisdictional limits of this Court.

Venue is proper in Harris County, Texas, pursuant to Tex. Civ. Prac. & Rem. Code § 15.002 in that all or a substantial part of the events or omissions giving rise to this causeof action occurred in Harris County, Texas.

## CLAIM FOR RELIEF

The damages sought are within the jurisdictional limits of this Court. Plaintiff seeks monetary relief more than $250,000 but less than $1,000,000.

## FACTS

1.  All allegations are made in the alternative. Plaintiff, **ERICA KNIGHTON**, brings this suit to recover for the damages and personal injuries suffered, resulting directly and proximately from the negligence of Defendants **WALMART, INC.**

2.  Specifically, on or about March 7, 2021, during normal business hours, Plaintiff entered the Defendant's business premises at 345 Highway 6 Sugar Land, Texas 77478. Defendant extended an open invitation to the public, including Plaintiff to enter the premises and purchase goods and services being sold by the Defendant. Plaintiff entered the premises for the purpose of purchasing goods at said Defendant's facility. Accordingly, Plaintiff was a business invitee to whom Defendant owed the duty to use ordinary care in making its premises reasonably safe and/or warning the Plaintiff of any dangerous conditions and/or activities existing upon said premises. On the occasion in question,

an employee of Defendant negligently pushed shopping carts into Plaintiff. As a result of Defendant's negligence, Plaintiff suffered serious injuries.

## CAUSES OF ACTION:
## NEGLIGENCE

3. Defendant owed a duty to exercise ordinary care, including the duty to maintain its premises in a safe manner for its invitees. Defendant's negligence and failure to use ordinary care was the direct and proximate cause of the incident in question and of Plaintiff's damages and personal injuries. Defendant, acting through its agents, servants, and employees, failed to use the degree of care which an employer of ordinary prudence would have used under the same or similar circumstances by:

    a) Failed to properly maintain the premises in a reasonable manner;

    b) Failed to properly maintain the premises in a safe manner;

    c) Failed to properly maintain the shopping carts in a safe condition;

    d) Failing to exercise caution;

    e) Failing to provide warning of the hazard;

    f) Failing to train employees to safely do their jobs;

    g) Failing to adequately supervise employees;

    h) Failing to exercise reasonable care to avoid a foreseeable risk of injury to Plaintiff and other patrons of the establishment;

    i) Failing to develop policies and procedures for the protection and safety of customers;

    j) Failing to enforce company safety policies and procedures for protection of customers;

    k) Failing to comply with recognized safety rules, policies, procedures and industry standards for grocery stores;

    l) Failing to take preventative measures to prevent unnecessary injuries; and

    m) Other acts deemed negligent.

Each of the above acts, errors, and omissions of Defendant, and those of its agents, servants, and employees, whether taken singularly or in any combination, constituted negligence.

### GROSS NEGLIGENCE

4. The aforementioned statements and averments stated above, are adopted fully by reference as if set out verbatim herein.

5. The acts or omissions of Defendant were committed with complete reckless disregard for, and with willful, wanton, and actual conscious indifference to, the rights, safety, and welfare of Plaintiff and other invitees. The nature of Defendant's acts and omissions were of such a nature as to constitute gross negligence and malice.

6. Specifically, Defendant had actual, subjective knowledge and awareness of the risk to Plaintiff and others, but proceeded with a conscious indifference to the rights, safety, or welfare of Plaintiff and others. When viewed objectively from the Defendant's standpoint, these acts or omissions involved an extreme degree of risk and danger, considering the probability and magnitude of the potential harm to others.

7. Because the foreseeability of injury to Plaintiff and the public was so apparent, yet completely ignored by Defendant, Defendant's actions constitute gross negligence. Such gross negligence was a proximate cause of the occurrence and Plaintiff's injuries and damages. Therefore, Plaintiff seeks exemplary damages pursuant to Texas law.

### CAUSE OF ACTION: NEGLIGENT UNDERTAKING

8. The aforementioned statements and averments stated above, are adopted fully by reference as if set out verbatim herein.

9. Defendant further agreed, based on the nature of the business, to comply with recognized federal, state, and location rules, policies, safety guidelines and industry standards in the

operationof their business. Defendant was also aware that they had to hire and train competent and qualified employees, as well as supervise same. Defendant undertook this task with knowledge that it was necessary for the protection and safety of others. After having undertook such a task, Defendant failed to exercise reasonable care in performing the undertaking. Plaintiff relied on Defendant's undertaking and Defendant's performance of the undertaking increased Plaintiff's risk of harm. As a direct and proximate result of Defendant's negligence in undertaking policies and procedure for the safe operation of the floor Plaintiff suffered injuries. Defendant is therefore liable for negligent undertaking. Each of the foregoing acts and/or omissions of Defendant, singularly or incombination, constituted negligence and were a proximate cause of Plaintiff's injuries and damages.

### CAUSE OF ACTION: NEGLIGENCE VIA RES IPSA LIQUITOR

10. Plaintiff incorporates the facts and allegations explained hereinabove as if fully set forth herein. Including as set forth above, the stated acts and/or omissions of Defendant show that (1) this incident is such that it would not ordinarily occur in the absence of negligence; and (2) the premises are shown to have been under the control of Defendant. In view of the foregoing, Plaintiff hereby pleads the doctrine of *res ipsa loquitor*, including as to Defendant's negligent acts and/or omissions above.

### PREMISES LIABILITY-INVITEES

11. The occurrence made the basis of this suit and the resulting injuries and damages caused by Defendant's failure to properly maintain said premises in a safe manner. Plaintiff would show that:

    a. The Plaintiff was an invitee;

    b. The Defendant was a possessor of that premises;

    c. The condition on the premises posed an unreasonable risk of harm;

    d. The Defendant knew or reasonably should have known of the danger;

  e. The Defendant breached its duty of ordinary case by both:

    i. Failing to adequately warn the Plaintiff of the condition; and

    ii. Failing to make the condition reasonably safe; and

  f. The defendant's breach proximately caused the Plaintiff's injuries.

## RESPONDEAT SUPERIOR

12. Plaintiff incorporates the foregoing factual allegations as if herein quoted verbatim and set forth herein at length:

13. Plaintiff states that at the time of the occurrence made the basis of this suit, the individuals responsible for the negligent supervision, negligent training, and general negligence regarding safety on Defendant's premises were acting in the capacity as an agent, servant, and/or employee of the Defendant and were acting within the course and scope of their authority as such. Therefore, the doctrine of *Respondeat Superior* should be applied to Defendant and should be held responsible for the acts of its agents and/or employees and/or servants. As a result of Defendant's negligence, Plaintiff sustained substantial injuries.

## DAMAGES

14. Plaintiff is entitled to and request the following damages:

  a) Physical pain and suffering, in the past and future;

  b) Mental anguish, in the past and future;

  c) Physical impairment, in the past and future;

  d) Medical expenses, in the past and future;

  e) Out of pocket expenses;

  f) Pre-judgment and post-judgment interest;

  g) Exemplary damages; and

h) All other damages that Plaintiff may be entitled to at law or in equity.

## PRE-EXISTING DAMAGES

15. In the alternative, Plaintiff would show that if any injury and/or condition from which they currently suffer were pre-existing, then such condition was aggravated, exacerbated, and/or made worse by the negligence of the Defendant herein.

## TRCP RULE 193.7 NOTICE

16. Plaintiff gives notice to Defendant that they intend to use all documents and all discovery responses produced by Defendant as evidence at trial in accordance with such right and privileges established by Texas Rule of Civil Procedure 193.7.

## REQUEST FOR PRESERVATION

17. Defendant is hereby requested to retain any, and all witness statements, incident reports, videos, photographs, facsimiles, email, voice mail, text messages, and any electronic image or information related to the referenced incident and all investigative materials associated with this claim, together with all surveillance tapes of the premises on the date of this incident. Plaintiff further requests Defendant to provide a copy of the same.

## PRAYER

18. WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant, **WALMART, INC.**, be cited to appear and answer herein, that Plaintiff receive judgment against Defendant in a sum within the jurisdictional limits of this Court, with pre-judgment and post-judgment interest at highest rate allowed by law, costs of suit, and such other and further relief, legal and equitable, to which she may show herself justly entitled.

Respectfully submitted,

***CROCKETT LAW, P.C.***

*/s/ Maxwell T. Paderewski*
_____

**Maxwell T. Paderewski**
State Bar No. 24110187
9900 Westpark Dr. Ste 200
Houston, Texas 77063
(281) 953-1180 – Telephone
(281) 953-1186 – Facsimile
max@thetexasinjuryfirm.com
e-service: efile@thetexasinjuryfirm.com

**ATTORNEYS FOR THE PLAINTIFF**

**DATE: JANUARY 17, 2023**

8